**IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**DARLENE S. DONALD**                                                                 **PLAINTIFF**

**V.**                                                              **Civil Action No.: 2:10cv227-KS-MTP**

**ARROWOOD INDEMNITY COMPANY**
**d/b/a Royal & Sunalliance, et al.**                                               **DEFENDANTS**

## ORDER ON MOTION TO COMPEL AND MOTION TO AMEND SCHEDULING ORDER

THIS MATTER came before the court for hearing on May 26, 2011, on the [48] Motion to Compel of Plaintiff Darlene S. Donald. The court having considered the submissions by the parties, oral arguments, and applicable legal standards, finds the motion should be GRANTED IN PART AND DENIED IN PART for the reasons assigned at the hearing.

Plaintiff seeks to compel discovery responses from Defendant Arrowood to Interrogatories Nos. 2 and 5, and Requests for Documents Nos. 1, 3, 10, 11, and 16.

*Interrogatory No. 2:* [1]

At the hearing, Plaintiff indicated that a list has now been submitted to Arrowood for individuals identified in the claim files, but for whom Plaintiff has no contact information. The Interrogatory also asked for information regarding the chain of command for any employees adjusting Plaintiff's claims. Arrowood will not be required to provide the chain of command as to Genex and/or NHR employees; however, Arrowood shall provide Plaintiff with any contact

---

[1] Interrogatory No. 2 states: Please state the name, address and telephone number of each and every adjuster, agent, employee or representative know to you or your attorney who assisted in the processing and/or adjusting of Plaintiff's claims, describing in detail their roles therein and chain of authority involved among those named individuals.

information it may have for the identified Genex and NHR employees on Plaintiff's list. Arrowood shall also provide the requested contact information for each person on the list provided that information is in its possession or control. Should Arrowood not possess the contact information for any individuals listed, it shall so state. For all Arrowood employees identified on the list, Arrowood shall identify the employee's immediate supervisor. Arrowood shall supplement its response to this interrogatory as set forth above on or before June 24, 2011.

*Interrogatory No. 5:* [2]

The court agrees with Arrowood that Plaintiff's request is too broad and somewhat ambiguous as it does not identify the particular claims for medical treatment and expenses which she claims were denied. The question will be narrowed by first requiring Plaintiff to specifically identify the particular claims for payment of medical treatment or expenses she alleges were improperly delayed or denied. That listing shall be provided to Arrowood by Plaintiff on or before June 10, 2011. On or before June 24, 2011, Arrowood shall, for each claim listed, state briefly the reason why the claim was delayed or denied and identity the person or persons who made the decision to delay or deny it. If Arrowood disputes whether a particular claim was delayed or denied, it shall so state and shall identify the person or persons who handled the particular claim for payment of medical treatment or expenses. Arrowood shall supplement its

---

[2] Interrogatory No. 5: Please explain in detail why any of Plaintiff's claims for payment of medical treatment and expenses were denied, listing all claims that were denied initially and/or finally, including the basis for denial, and who was involved in denial. Also provide a log of all claims made (including claims for pre-certification) for medical treatment, service or supplies, including date you were first aware of requirement for medical services or supplies, the representative handling the claim, how the claim was handled by you, the date claim was paid or denied, amount of payment, basis for payment, or if a 30 days or greater delay in payment and/or denial. State the basis for such delay and list the names of all individuals or entities to whom payment was made or notice of denial was given.

response to this interrogatory as set forth above.

*Request for Production of Documents No. 1:* [3]

This dispute centers around the claims file, much of which has been produced and much of which has been withheld on grounds of privilege. Arrowood has supplied a privilege log. Plaintiff questions the sufficiency of the log.

The parties appear to agree that on or around March 25, 2006, Plaintiff's counsel first mentioned filing a bad faith claim against Arrowood for failure to pay claims, after which litigation was anticipated. Accordingly, Arrowood has withheld documents created after this time period because Arrowood deemed those claims files either subject to the attorney-client privilege or otherwise protected by the work product doctrine. Certain documents created prior to the above date may also have been withheld or redacted on various grounds.

Plaintiff argues that the privilege log is deficient in that it does not comport with the requirements of L.U. Civ. R. 26(a)(1)(C). Moreover, Plaintiff avers that not all redacted entries

---

[3] Request No. 1: Please produce your complete file(s) relating to the claims at issue in this action, whether maintained in your field office, regional office, home office, or any other office, including without limitation:

a. all letters, memoranda, and other forms of written or computerized communication to or from any employee or representative of Arrowood, NHR, and Genex, including documentation of any oral communication of any kind, relating in any way to the claim at issue in this action;
b. all documentation of all communications, whether written, computerized, oral or otherwise, between any employee or representative of Arrowood, NHR, and Genex and Plaintiff relating in any way to the claim at issue in this action;
c. all documentation of all communications, whether written, computerized, oral or otherwise, between any employees or representative of Arrowood, NHR, and Genex and any third party relating in any way to the claim at issue in this action.
d. all documentation, whether written, computerized or otherwise, of any investigation conducted in connection with the claim at issue in this action;
e. all other written or computerized documentation pertaining to the claim at issue in this litigation;
f. the file folders in which the preceding documents are kept.

are found on the privilege log. Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure requires that documents withheld under the auspice of a privilege claim must be described to the opposing party in such a manner that will enable the party to assess the claim. The court finds that the privilege log submitted by Arrowood does not fully comply with this rule. The court further agrees that the privilege log is deficient under L.U. Civ. R. 26(a)(1)(C) in that the log fails to include each requisite element of the privilege or protection asserted. "Blanket assertions of a privilege are unacceptable...the court and other parties must be able to test the merits of a privilege claim." *United Investors Life Ins. Co. v. Nationwide Life Ins. Co.*, 233 F.R.D. 483, 486 (N.D. Miss. 2006)(citation omitted). The court directs Arrowood to amend the privilege log to comply with local and federal rules as set forth below.

     Specifically, Arrowood is ordered and directed to provide the Bates or other document number assigned to the documents listed on the privilege log. This should help remove any uncertainty with respect to the documents at issue. As to documents withheld on work-product grounds, Arrowood shall amend its privilege log to include a column which provides a brief basis for each claim of work product protection. Finally, Arrowood shall reassess its blanket assertion of the work-product doctrine with respect to documents prepared after March 26, 2006, and produce any records which were created primarily for business or other purposes and not primarily in anticipation of litigation. *See U.S. v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir.1982)("Excluded from work product materials...are materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation....")(internal citation omitted). The revised privilege log shall be served on or before June 24, 2011.

*Request No. 3:*

Request No. 3 asked Arrowood to produce all "files relating to every claim made by a medical provider or on Plaintiff's behalf for workers' compensation benefits or payment of medical expenses." Arrowood claims it produced all documents that were responsive to this request as kept in the ordinary course of business–with the exception of documents it withheld due to a claimed privilege. However, it is not clear that Arrowood listed the withheld documents on the privilege log. Therefore, Arrowood shall supplement its response to the request by indicating whether documents responsive to this request were withheld. If so, the documents shall be listed on the revised privilege log to be served on or before June 24, 2011.

*Request No. 10:*

Request No. 10 asks Arrowood to produce all files, documents, and records pertaining to litigation against Arrowood for allegations similar to those alleged by Plaintiff within the previous five years. Arrowood objected to this request based on its assertion that "similar" was vague and ambiguous and argued that due the variance among workers' compensation statutes from state to state it was impossible to produce information regarding lawsuits against Arrowood in other states that would be similar to this case.

Having considered the parties' positions, Arrowood will be required to respond in part to this document request. Arrowood shall identify all lawsuits filed against it alleging bad faith denial of a Mississippi workers' compensation claim from three years prior to the date this action was filed to the filing date. For each lawsuit listed, Arrowood shall include the parties to the case, the court where the case was filed and the cause number. This information shall be provided on or before June 24, 2011.

*Request No. 11:* [4]

Plaintiff alleges that Arrowood has failed to produce documents created by third party contractors, namely the nurse case management companies or any other companies hired by Arrowood to assist in investigating and/or managing Plaintiff's worker' compensation claim– upon which Arrowood allegedly based its decisions to deny Plaintiff benefits. Arrowood argues that all responsive documents to this request have been produced, with the exception of any documents that may have been withheld due to privilege. If Arrowood has produced all responsive documents, then its response to this request should be supplemented to indicate that all documents have been produced. Likewise, any responsive document withheld under a claim of privileged material should be included on the amended privilege log to be served on or before June 24, 2011 and in the form set forth above.

---

[4]Request No. 11 states: Please produce copies of any and all documents with any third party contractor related to Plaintiff's claims on the basis for a denial or delay in payment of any claim made by any of Plaintiff's medical providers, Plaintiff or on behalf of Plaintiff.

*Request No. 16:* [5]

As this request involves the sufficiency of the privilege log provided by Arrowood and the court has already addressed the manner in which the log is to be supplemented, the motion is denied with respect to this request.

IT IS, THEREFORE, ORDERED:

1. The motion is granted in part and denied in part as set forth above. To the extent that the motion [48] demands relief other than that set forth in this order, it is denied.

2. After the revised privilege log has been submitted by Arrowood and no later than July 5, 2011, Plaintiff shall inform Arrowood of any particular documents for which it desires to challenge the claim of privilege. In this regard, blanket challenges will not be viewed with any more favor than blanket assertions of privilege. The court will expect and require the parties to proceed in good faith. Once the challenged documents, if any, have been identified by Plaintiff, counsel for the parties shall meet and confer in good faith in an

---

[5] Request No. 16 states: If, in responding to any of the above requests for production of documents, you withhold production of any document on the grounds of privilege not to disclose the document, please provide a privilege log, and with respect to each such document(s), state:

a. the type of document and a general description of the contents of the document;
b. the name, business and residence addresses and telephone numbers, and position of the individual from whom the document emanated;
c. the name, business and residence addresses and telephone numbers, and position of each individual to whom the document or a copy of the document was sent;
d. the date of the document;
e. the privilege upon which you rely in withholding the document;
f. the facts upon which you rely in support of your claim that the document is privileged; and
g. the names, business and residence addresses and telephone numbers, and positions and occupations of individuals known or believed by you to have knowledge concerning the factual basis of the assertion of privilege with regard to the document.

       effort to resolve the disputed assertions of privilege. This conference shall take place no later than July 12, 2011. If, after following this procedure, the parties desire the court to review any documents *in camera*, they shall submit them to the court no later than July 15, 2011, along with a certificate signed by counsel for the affected parties confirming that they have followed the procedures outlined in this order.

3. As the discovery disputes to date have served to delay the progress of this matter and for other good cause, the court will grant Plaintiff's Motion for an Amended Scheduling Order [58]. Revised deadlines will be set with the input of all parties at a telephonic hearing to be noticed by the court.

SO ORDERED, this the 31st day of May, 2011.

                                            s/ Michael T. Parker
                                            United States Magistrate Judge