**IN THE UNITED STATE DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**


**DARLENE S. DONALD**                                              **PLAINTIFF**

**V.**                                            **Civil Action No.: 2:10cv227-KS-MTP**

**ARROWOOD INDEMNITY COMPANY**
**d/b/a Royal & Sunalliance, et al.**                              **DEFENDANTS**


## ORDER

THIS MATTER is before the court on Defendant National Healthcare Resources, Inc.'s Motion [67] to Stay Discovery Pending Ruling on Motion for Summary Judgment. Having considered the motion and the applicable law, the court finds that the motion should be granted.

In its Motion [67], Defendant National Healthcare Resources, Inc. ("NHR") asks the court to stay discovery pending the court's ruling on its Motion for Summary Judgment [64]. In support of its Motion [67], NHR states that its pending dispositive motion seeks dismissal on two legal grounds: 1) it is entitled to judgment as a matter of law consistent with the court's November 23, 2010, opinion dismissing its former nurse case manager employee and for lack of any authority subjecting it to any independent liability; and 2) Plaintiff's claims against it are barred by the statute of limitations. NHR claims that either of these legal grounds are sufficient to warrant its dismissal, and thus, it should be protected from wasteful and burdensome discovery which would have no bearing on the outcome of its pending Motion for Summary Judgment [64]. NHR further claims that the relevant facts surrounding its limited involvement are already known by virtue of written discovery already conducted and affidavit testimony submitted in opposition to Plaintiff's motion to remand.

In opposition to the Motion [67], Plaintiff states that she needs to take the depositions of

NHR and Arrowood and the affiants of the affidavits submitted with NHR's response to her motion to remand.  Plaintiff claims that staying discovery at this point would cause her unnecessary delay and hardship.  Plaintiff also claims that NHR should have filed an early motion in accordance with section 4(A) of the Case Management Order [24].[1]

Pursuant to Federal Rule of Civil Procedure 26(c), "the court may stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011).  Currently pending before the court is the dispositive motion filed by NHR based on the legal theories mentioned above.  Plaintiff has failed to demonstrate how the depositions of NHR and others are relevant to the pending motion for summary judgment.  Plaintiff apparently had ample discovery to respond to NHR's motion for summary judgment, as no Rule 56(d)[2] motion was filed.  *See Potter v. Delta Air Lines, Inc.*, 98 F.3d 881, 887 (5th Cir. 1996) (stating that if plaintiff "needed more discovery in order to defeat summary judgment, it was up to her to move for a continuance pursuant to rule 56(f)").  Moreover, given the posture of this case, Plaintiff will not be prejudiced by a stay of discovery as to NHR.  In addition to the pending Motion for Summary Judgment [64] filed by NHR, Plaintiff has a Motion for Leave to Amend Complaint [82] and Motion for Relief from Judgment [84] pending before the court.

---

[1] Section 4(A) states: "The court finds and orders that early filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action: Defendants may file an early motion to dismiss or motion for summary judgment."

[2] "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: . . . allow time to obtain affidavits or declarations or to take discovery . . . ."  Fed. R. Civ. P. 56(d) (as amended, 2010; formerly Rule 56(f)).

Accordingly,

    IT IS, THEREFORE, ORDERED:

    1.    That Defendant National Healthcare Resources, Inc.'s Motion [67] to Stay Discovery Pending Ruling on Motion for Summary Judgment is GRANTED.

    2.    Discovery is stayed as to National Healthcare Resources, Inc. pending the court's ruling on the Motion for Summary Judgment [64].

    SO ORDERED, this the 1st day of August, 2011.

                                           s/ Michael T. Parker
                                           United States Magistrate Judge